UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID GROSE and
RICHARD CORVESE,

        Plaintiff,

v.                                Case No. 19-C-394

OLEN B. RICE, III and
MICHAEL J. BETTIGA,

        Defendants.

**DECISION AND ORDER GRANTING MOTION TO DISMISS**

      This case arises out of a dispute between four members of a limited liability company named Fun2Play Toys, LLC, a toy and novelty company. Two of the members, Plaintiffs David Grose and Richard Corvese, sued two other members, Defendants Olen B. Rice, III and Michael J. Bettiga, alleging claims for breach of contract, breach of fiduciary duties, statutory theft, and violation of Wisconsin's Uniform Securities Act ("WUSA"). The complaint alleges the plaintiffs are both citizens of Canada, Defendants Rice and Bettiga are citizens of Wisconsin and Texas, respectively, and the amount in controversy exceeds $75,000. The court thus has jurisdiction under 28 U.S.C. § 1332. The case is before the court on Defendants' motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Dkt. No. 7. Plaintiffs have stipulated to the dismissal of their WUSA claim, and Defendants' motion will be granted as to the other claims with leave to replead.

**LEGAL STANDARD**

      A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6); *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir.

2009). To state a cognizable claim, the plaintiff is required to provide a "short and plain statement of the claim showing that he is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). In considering a motion to dismiss, the court construes all allegations in the complaint in the light most favorable to the plaintiff, accepts all well-pleaded facts as true, and draws all inferences in favor of the non-moving party. *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 533 (7th Cir. 2011). But while well-pleaded facts are accepted as true at the pleading stage, conclusions of law are not. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 555.

In *Twombly*, 550 U.S. at 558–64, and *Ashcroft v. Iqbal*, 556 U.S. 662, 684–85 (2009), the Supreme Court adopted a plausibility standard for deciding Rule 12(b)(6) motions to dismiss. The adoption of this standard was intended in part to permit district courts to "weed out" groundless lawsuits at the pleading stage in order to limit the burden and high cost of litigation in cases with non-existent claims. In describing the new standard, the Supreme Court reminded lower courts and litigants that "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. Under the "plausibility" standard, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter,

2

accepted as true, 'to state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). "[T]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

The standard is higher where there are allegations of fraud. For complaints alleging claims sounding in fraud, Rule 9(b) imposes a heightened pleading standard that requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Pleading with particularity means providing "the who, what, when, where, and how: the first paragraph of any newspaper story." *U.S. ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009) (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)).

With these principles in mind, the court now turns to the allegations of the complaint.

## ALLEGATIONS OF THE COMPLAINT

The complaint alleges that "Fun2Play is a toy and novelty company that advertises the provision of 'wacky and creative' products for customers." Compl. ¶ 9. Plaintiffs allege that they were primarily responsible for the success of the business. Plaintiff Corvese provided the creative and artistic contributions, and Plaintiff Grose was primarily involved in sales. *Id.* at ¶¶ 12–14.

3

Defendant Rice was a co-president of the company, but contributed little before abruptly resigning in February 2018. *Id.* ¶¶ 115–17. The complaint alleges that Rice controlled the monetary resources and used this control to pay himself and a separate company he owned while failing to pay Plaintiffs. Defendant Rice allegedly gave Defendant Bettiga an ownership interest and power of attorney over Fun2Play without Plaintiffs' consent. Both Defendants are alleged to have interfered with Plaintiffs' relationships with customers and associates by making false statements about them and their relationship to Fun2Play. Rice "fabricated 'resignations' by Corvese and Grose, and his counsel has attempted to move forward as if Corvese and Grose have resigned." *Id.* ¶¶ 20, 27–30. The complaint alleges that Plaintiffs have not resigned and are entitled to a share of the seven figure revenue generated through their efforts. Defendants are allegedly denying Plaintiffs those benefits "through an intentional scheme to defraud Plaintiffs and to benefit themselves." *Id.* ¶¶ 32, 33.

## ANALYSIS

As noted above, the remaining claims are breach of contract, breach of fiduciary duty, and statutory theft. The court will address each in turn.

**A. Breach of Contract**

Count I of the complaint first realleges and incorporates all of the foregoing paragraphs. Compl. ¶ 35. The complaint next alleges that "through the above actions, Defendants have breached their contractual obligations to Plaintiffs in the Operating Agreement." *Id.* ¶ 36. Finally, the complaint alleges "these breaches are material and substantial and have damaged Plaintiffs in an amount to be determined at trial." *Id.* ¶ 37. Although the complaint alleges in an earlier paragraph that the Operating Agreement for Fun2Play is "attached hereto as **Exhibit A**," *id.* ¶ 11, no exhibit is attached. No contractual language is cited in the complaint, and there is no indication of what

4

conduct of Defendants constitutes a breach of which provision. There are no allegations about which of the two Defendants did anything described as a breach of a contractual provision, nor is there any explanation of how whatever was done constitutes a breach of contract.

These allegations are insufficient to state a claim for breach of contract. The complaint fails to provide Defendants notice of what conduct they engaged in that might be actionable under such a theory. The allegation that "Defendants have breached their contractual obligations to Plaintiffs in the Operating Agreement" is nothing more than a conclusion of law. Under *Twombly* and *Iqbal*, conclusions of law are to be disregarded and are not enough to "unlock the doors of discovery" and force Defendants to incur the high cost of litigation in federal court. *Iqbal*, 556 U.S. at 678. Count I will therefore be dismissed.

**B. Breach of Fiduciary Duty**

"The elements of a claim for breach of fiduciary duty are: (1) the defendant owed the plaintiff a fiduciary duty; (2) the defendant breached that duty; and (3) the breach of duty caused the plaintiff's damage." *Berner Cheese Corp. v. Krug*, 2008 WI 95, ¶ 40, 312 Wis. 2d 251, 752 N.W.2d 800. Here, again, the complaint provides little more than conclusory allegations in support of the claim.

At the outset, it is not clear that Defendants even owed Plaintiffs a fiduciary duty. In its recent decision in *Marx v. Morris*, the Wisconsin Supreme Court held that Wisconsin's Limited Liability Company Law, Wis. Stat. ch. 183, did not displace a common law claim of breach of fiduciary duty between members of a limited liability company, but without addressing whether such a claim existed in the first place. 2019 WI 34, ¶ 47, 386 Wis. 2d 122, 925 N.W.2d 112. As the dissent pointed out, the mere fact that a person is a member of an LLC does not by itself give rise to a fiduciary duty to other members. *Id.* ¶ 105 ("[W]hile it is conceivable that an LLC member

may owe a fiduciary duty to the LLC, there is nothing about membership in an LLC that can call fiduciary duties into existence between its members.") (Kelly, J., dissenting). "A fiduciary relationship arises from a formal commitment to act for the benefit of another . . . or from special circumstances from which the law will assume an obligation to act for another's benefit." *Merrill Lynch v. Boeck*, 127 Wis. 2d 127, 136, 377 N.W.2d 605 (1985). In determining whether a fiduciary relationship has arisen, courts consider a variety of factors, including whether there is dependence and inequality based on weakness of age or mental strength, lack of business intelligence, inferior knowledge of facts involved, or other conditions giving one side an advantage over the other. *Prod. Credit Ass'n of Lancaster v. Croft*, 143 Wis. 2d 746, 755–56, 423 N.W.2d 544 (Ct. App. 1988). Here, the complaint fails to allege facts sufficient to give rise to a fiduciary duty on the part of the Defendants toward Plaintiffs; it simply assumes such a duty.

The complaint also fails to meet Rule 9(b)'s heightened pleading standards for averments of fraud. Although a claim for breach of fiduciary duty does not require proof of fraud, "Rule 9(b) applies to 'averments of fraud,' not claims of fraud, so whether the rule applies will depend on the plaintiffs' factual allegations." *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). A claim "sounds in fraud" when it is "premised upon a course of fraudulent conduct . . . ." *Id.* Plaintiffs allege that Defendants are denying them the benefits to which they are entitled "through an intentional scheme to defraud Plaintiffs and to benefit themselves." Compl. ¶ 33. They also allege that Defendant Rice "fabricated" their resignations and that both Defendants, along with people working on their behalf, "have attempted to interfere in Plaintiff's [sic] relationships with customers and associates by making false statements about them and their relationship to Fun2Play, in an attempt to take over the relationship themselves." *Id.* ¶¶ 27, 30.

These are precisely the kinds of allegations to which Rule 9(b) applies. The heightened pleading standard "is designed to discourage a 'sue first, ask questions later' philosophy." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011) (quoting *Berman v. Richford Indus., Inc.*, No. 78 Civ. 54, 1978 WL 1104, at *5 (S.D.N.Y. July 28, 1978)). "Heightened pleading in the fraud context is required in part because of the potential stigmatic injury that comes with alleging fraud and the concomitant desire to ensure that such fraught allegations are not lightly leveled." *Id.* at 442; *see also Fid. Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 412 F.3d 745, 749 (7th Cir. 2005) ("The purpose is to minimize the extortionate impact that a baseless claim of fraud can have on a firm or an individual. . . . It also forces the plaintiff to conduct a careful pretrial investigation and thus operates as a screen against spurious fraud claims.").

The complaint clearly fails to meet these heightened standards. It fails to allege with specificity the fraudulent conduct Defendants allegedly engaged in. What does the conclusory phrase "fabricate" a person's resignation mean? Did someone forge their resignations? Who? And when? What were the allegedly false statements made by Defendants and people acting on their behalf? Who made them? And when? Where were they made, and how do Plaintiffs know? More specificity is required in order for allegations of fraud to remain in a case.

**C. Statutory Theft**

Plaintiffs claim that Defendants committed statutory theft and assert a scheme to defraud in violation of section 943.20 of the Wisconsin Statutes. The allegation that the theft was part of a scheme to defraud again invokes the heightened pleading standards of Rule 9(b), and as previously noted, the complaint falls far short of meeting those standards. There are no allegations that state

7

with particularity the fraudulent conduct each Defendant engaged in, when and where the fraudulent conduct occurred, what it consisted of, and how Plaintiffs know.

On a more basic level, the complaint fails to identify the property that was allegedly taken, when it was taken, and how. It appears that the only property at issue belonged to the LLC, not the Plaintiffs. While one or more of Defendants may have violated the Operating Agreement of the LLC in conveying LLC property, *see Gottsacker v. Monnier*, 2005 WI 69, 281 Wis. 2d 361, 697 N.W.2d 436, it is unclear whether such Defendant acted without authority. In any event, the complaint is so lacking in factual support for the claim of theft that it utterly fails to provide notice of what the claim actually is. The claim for statutory theft will therefore be dismissed as well.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Dkt. No. 6) is **GRANTED**. The complaint is dismissed with leave for Plaintiffs to file an amended complaint within thirty (30) days of this order. Failure to do so will result in dismissal of the action.

**SO ORDERED** at Green Bay, Wisconsin this 23rd day of December, 2019.

s/ William C. Griesbach  
William C. Griesbach, District Judge  
United States District Court